# HUBERT H. S. AIMES
*vs.*
# TOWN OF WEST HAVEN ET ALS.

Superior Court     New Haven County     File No. 59177

## MEMORANDUM FILED MARCH 15, 1943.

*Robert J. Woodruff,* of New Haven, for the Plaintiff.

*Walton E. Cronan,* of New Haven, for the Defendants.

Memorandum of decision in action for relief from tax laid on real property.

McLAUGHLIN, J. This is an action based upon section 1201 of the General Statutes, Revision of 1930, as amended, for relief from the amount of taxes based on assessments for the year 1938, said assessments made by the assessors of the Town of West Haven against various and several parcels of land owned by the plaintiff, located in the Town of West Haven, in and near the locality known as Aimes Point, or the "Oyster River" section so-called.

The plaintiff instituted three separate actions, for the years 1938, 1939 and 1940, and each case involved 31 separate tracts or parcels of land. Counsel for the plaintiff and defendant agreed that the three cases would be tried jointly and the evidence presented in behalf of either side relating to expert testimony as to values on September 1, 1938, the assessing date for the first of the three years involved, would be equally applicable for the purpose of assisting the court in determining values as of September 1, 1939, and September 1, 1940.

The plaintiff in the instant case claims the amount of the assessments for the year 1938 was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statute for determining the value of these properties.

In relation to the various tracts of land involved, only one has buildings thereon owned by the plaintiff, while 13 pieces have a rental return but the rental yields are not of much value in assisting the court in applying the method of "capitalization of gross income" or "capitalization of stabilized net income."

The method used by the litigants in the case at bar in presenting evidence to sustain their respective claims was chiefly by opinions of qualified real estate experts who were familiar with the market value of land and buildings in that particular vicinity.

The plaintiff's properties are located near the West Haven shore front on Long Island Sound, a distance of approximately seven miles from the center of the City of New Haven and about three miles from the center of the Town of West Haven.

The defendant town uses the so-called lot and block system on street frontages and acreage valuation on other parcels which do not border on highways.

The plaintiff offered evidence of present true and actual values through three real estate experts as well as exercising his right to appear as a witness concerning the values of the land, while the defendant offered evidence through two real estate experts, and it may be said that the town assessors' valuation of the plaintiff's properties far exceeded the values arrived at by any appraiser who testified in the case on either side, and, hence it was necessary for the court, aided by these expert opinions and weighing them in the light of all circumstances in evidence bearing upon values and the elements going to establish them, in reaching the ultimate conclusion of present true and actual value of each separate parcel as of September 1, 1938.

On a view of the premises it appears that this section does not offer substantial inducement or attraction for either residential or business development, but is rather confined to seasonal characteristics of a limited nature.

The various properties involved in this action will be discussed in the order of their respective number, in accordance with the procedure adopted by counsel at the time of the trial.

Parcel No. 1: This piece is known as No. 54 Ocean Avenue, and has a frontage of 336 feet by a depth of 150 feet, plus

an angular piece of nothing over 100 feet by 150 feet. This is a corner property on Ocean Avenue and Jones Hill Road and is zoned partially for business and partially residential. There is a rock boulder above street level some ten feet which tapers to land in the rear. The construction of homes on this tract would be expensive on that portion where the solid rock is situated, and the utility for residential or business purposes, considering all the evidence presented thereon, is not an impressive factor. I find the true and actual value of this land to be $7,920.

Parcel No. 2: This piece of property, known as the abandoned trolley right of way, is 30 feet wide, and extends for a distance of 2,500 feet with land of the plaintiff bordering it on both sides. There is no dispute on the true and actual value of this tract, which I find to be $415.

Parcel No. 3: This piece is known as No. 51 Jones Hill Road and has a frontage of 160 feet on Jones Hill Road by a depth of 150 feet, plus an angular piece nothing over 65 feet by 150 feet. This is an overlapping of this parcel of land with tract No. 1. I find the true and actual value of this parcel to be $4,303.

Parcel No. 4: This piece is known as No. 125 Jones Hill Road and has a frontage on Jones Hill Road of 80 feet, with a depth of 125 feet, plus an angular piece of nothing over 70 feet by 150 feet. I find the true and actual value of this parcel to be $1,280.

Parcel No. 5: This piece is known as No. 50 Nashawena Avenue, and has a frontage of 188 feet by a depth of 100 feet. The street directly in front of this property is not hardened or improved, although the avenue is top-dressed or hardened directly south of this tract. I find the true and actual value of this parcel to be $2,256.

Parcel No. 6: This piece is known as No. 140 Ocean Avenue and has a frontage of 416 feet on Ocean Avenue, with a depth of 150 feet. It has a brook running through a portion of it and is lower than the surface of the adjacent highway. At times there is a flow back from high tides which causes wetness and dampness. I find the true and actual value of this tract to be $4,992.

Parcel No. 7: This piece is known as No. 163 Ocean Avenue and has a frontage on Ocean Avenue of 150 feet,

by a depth of 150 feet located on the northwest corner of Ocean Avenue and Anawan Avenue. I find the true and actual value of this tract to be $2,740.

Parcel No. 8: This piece is known as No. 178 Ocean Avenue and has a frontage of 100 feet on Ocean Avenue and a depth of 150 feet. This tract may be utilized for residential purposes. I find the true and actual value of this tract to be $2,000.

Parcel No. 9: This piece is known as No. 49 Nashawena Avenue and has a frontage of 150 feet by a depth of 150 feet. A brook runs through this parcel which tapers off from the street grade. I find the true and actual value of this tract to be $600.

Parcel No. 9A: This piece is known as No. 43 Nashawena Avenue and has a frontage of approximately 50 feet by 150 feet depth. I find the true and actual value of this tract to be $400.

Parcel No. 11: This piece is known as No. 83 Anawan Avenue and has a frontage of 10 feet by a depth of 150 feet. It may be used as a right of way to reach a tract containing cottages bordering on the abandoned trolley right of way. I find the true and actual value of this parcel of land to be $120.

Parcel No. 12: This piece is known as No. 40 Anawan Avenue and has a frontage of 27 feet on Anawan Avenue, by a depth of 150 feet. It may be used as a small building lot or a right of way. I find the true and actual value of this parcel to be $324.

Parcel No. 13: This piece is known as 44 Anawan Avenue and has a frontage of 53 feet on Anawan Avenue by a depth of 150 feet. It has a house constructed on it owned by the lessee. I find the true and actual value of this parcel of land to be $636.

Parcel No. 14: This piece is known as 50 Anawan Avenue and has a frontage of 370 feet on Anawan Avenue by a depth of 150 feet. This is a desirable tract of land for building purposes. I find the true and actual value of this tract to be $4,400.

Parcel No. 15: This piece is known as 15 Anawan Avenue and has a frontage of 30 feet on Anawan Avenue by a depth of 100 feet. Due to its proximity to the shore, it has a higher

value than land further inland. I find the true and actual value of this tract to be $900.

Parcel No. 16: This piece is known as 17 Anawan Avenue and has a frontage of 30 feet on Anawan Avenue by a depth of 100 feet. It has a dwelling on it owned by the lessee. It is similar in character to piece No. 15. I find the true and actual value of this tract to be $900.

Parcel No. 17: This piece is known as 19 Anawan Avenue, and has a frontage of 30 feet on Anawan Avenue by a depth of 100 feet and is similar in character to parcels No. 16 and No. 18, which are adjacent thereto. I find the true and actual value of this tract to be $900.

Parcel No. 18: This piece is known as 21 Anawan Avenue and has a frontage of 30 feet on Anawan Avenue by a depth of 100 feet. It has a dwelling on it which is rented. This lot is similar to Nos. 15, 16 and 17 and worth the same in value. I find the true and actual value of this tract of land to be $900.

Parcel No. 19: This piece is known as 180 Ocean Avenue and has a frontage of 50 feet on Ocean Avenue, by a depth of 150 feet. This tract also has a dwelling on it, which is rented, and owned by the lessee. I find the true and actual value of this parcel of land to be $1,000.

Parcel No. 20: This piece is known as the rear of 54 Ocean Avenue and contains 4.3 acres. This is the tract on which the Aimes Homestead is located. This acreage is worth about $500 per acre. I find the true and actual value of this tract to be $2,150.

Parcel No. 20A: This item is the Aimes Homestead dwelling house, of wooden, frame construction, somewhat Gothic style of architecture, which has been standing some 75 years. Its utility and attractiveness have diminished considerably in recent years, and it does not offer much for either summer or year-around occupancy to the prospective purchaser. I find the true and actual value of this dwelling to be $4,750.

Parcel No. 20B: This is a shed, adjoining the dwelling house premises. I find the same to have a true and actual value of $100.

Parcel No. 20C: This item is known as a barn, located on

the dwelling house premises. I find this barn to have a true and actual value of $250.

Parcel No. 20D: This item is known as a milk house or smoke house. I find this to have a true and actual value of $100.

Parcel No. 21: This piece is known as the rear of 88 Jones Hill Road, on the west side thereof, and contains 3.11 acres of salt meadow. It was the unanimous opinion of the real estate experts that this tract was worth on September 1, 1938, the sum of $155. I find the true and actual value of this tract of land to be $155.

Parcel No. 22: This piece is known as the rear of 140 Ocean Avenue and contains 4.74 acres. It is in greater part tillable and could be made available for building purposes, with some limitations of access and egress, with a swale or partial swamp detracting from its availability. I find the true and actual value to be $300 per acre and the whole tract to be worth $1,422.

Parcel No. 23: This piece is known as the rear of 75 Jones Hill Road and contains 19.31 acres. Some of this acreage is available for development with limited approach, while a portion of the tract is damp and low, due to the old trolley right of way forming a barrier. This tract on an over-all acreage basis has a value of $300 per acre, and I find the true and actual value of the entire tract to be $5,793.

Parcel No. 24: This piece is known as 75 Jones Hill Road, consisting of a piece (24A), 147 feet fronting on Jones Hill Road, by a depth of 150 feet; another piece (24B), 380 feet by a depth of 150 feet; and a third parcel (24C), 60 feet over nothing by 150 feet. A portion of this land is lower than the adjacent highway which it borders, while another portion of it is wet and swampy. I find the true and actual value of this entire tract to be $4,696.

Parcel No. 25: This piece is known as 145 Ocean Avenue and has a frontage of 25 feet on Ocean Avenue by a depth of 138 feet. It has a dwelling on it, which is rented and owned by the lessee. It fronts on the water front and has a frontage value of $30 per front foot. I find the true and actual value of this tract of land to be $750.

Parcel No. 26: This piece is known as 145½ Ocean Avenue

and has a frontage of 25 feet on Ocean Avenue by a depth of 136 feet. It adjoins Parcel No. 25 and is of the same character. I find the true and actual value to be $750.

Parcel No. 27: This piece is known as 147 Ocean Avenue and has a frontage on Ocean Avenue of 25 feet and a frontage on the water front of 27 feet, by a depth of 146 feet. It has a dwelling on it, which is rented, and it is of the same character of land as parcels Nos. 25 and 26. I find the true and actual value of this tract to be $750.

Parcel No. 28: This tract has been referred to as the so-called "Boat Lot." There was no evidence presented by either side which would indicate that such a parcel was in existence or that it was owned by the plaintiff. It appears that this item came into the 1938 list as prepared by the defendant but does not appear in the 1939 or 1940 list. In the course of the trial both parties litigant agreed that this tract of land was referred to by mistake and the plaintiff should not have been assessed for it as he does not own such a parcel of land.

Parcel No. 29: This piece is known as 149 Ocean Avenue and has a frontage on Ocean Avenue of 25 feet, and a frontage on the water front of 28 feet, by a depth of 156 feet. It had at one time a dwelling on it, which was later moved from this land because of a sewer manhole which was located in the center of this land and which has affected its utility and desirability. I find the true and actual value of this land to be $625.

Parcel No. 30: This parcel is known as 185 Ocean Avenue and it borders on the water front. It has a frontage on Ocean Avenue of 25 feet, as well as on the water front. There is a dwelling located on it, which is rented and owned by the lessee, and because of its depth and utility, especially in conjunction with parcel No. 31, I find the true and actual value to be $875.

Parcel No. 31: This piece is known as 183 Ocean Avenue and adjoins Parcel No. 30, it being of the same character and availability. I find the true and actual value of this tract to be $875.

The assessments for the years 1938, 1939 and 1940, as appears in plaintiff's exhibits 1, 2 and 3, are, in the opinion of the court, manifestly excessive, and the plaintiff ought to

be granted the relief he prays for. For the purpose of taxation, any valuation of any taxable property except its present true and actual valuation is illegal. *Underwood Typewriter Co. vs. Hartford,* 99 Conn. 329, 336.

In view of all the evidence in the case it is found that the assessed valuation of the plaintiff's properties for the year 1938 was arrived at by the defendants' board of assessors in a manifest disregard of the statutory provisions concerning such valuations, and in excess of their true and actual value as indicated in this memorandum

Whereupon it is adjudged that the assessors' valuations and assessments of the plaintiff's properties for the year 1938 be and the same are modified by reducing said assessments to the amounts above set forth, and that the plaintiff recover of the defendant his costs.

This memorandum applies with equal force to the defendants, The West Haven School District and The West Shore Fire District as well as to the Town of West Haven, as these defendants all acted pursuant to said assessment lists in levying their respective taxes.

Judgment may enter for the plaintiff.